IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINE M. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-2303-B |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine Mason Grant brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is AFFIRMED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including lupus, diverticulitis, high blood pressure, chest pain, swelling in the legs and feet, depression, diabetes, and hypothyroidism. After her applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 18, 2012 and resulted in a decision denying benefits. At the time of the second hearing, Plaintiff was 53 years old. She has a high school education and past work experience as an office clerk, a tax preparer, and a claims adjustor. Plaintiff has not engaged in substantial gainful activity since April 18, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from morbid obesity, the ALJ concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work and could return to her past relevant employment. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court challenging the hearing decision on grounds that the ALJ failed to properly address a medical source statement provided by a consultative examiner. The issues have been fully briefed by the parties, and this matter is ripe for determination.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

2

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Analysis

In a single ground for relief, Plaintiff contends that the ALJ failed to evaluate a medical source statement provided by Paul Patrick, D.O., a consultative examiner whose opinion as to Plaintiff's limitations was inconsistent the ALJ's RFC determination. Plaintiff underwent a consultative examination with Dr. Patrick on August 3, 2011. Tr. at 251-55. During the examination, Plaintiff complained of chest pain, swelling in her feet in legs, abdominal pain, and polyuria, polydipsia, and nocturia. *Id.* at 251-52. However, she reported that she could cook, clean, bathe, shower, and dress herself without assistance. *Id.* at 252 She could hold a coffee cup and a light weight skillet, but had limited ability to hold a broom and sweep due to shortness of breath. *Id.* at 251. Dr. Patrick observed that Plaintiff had a slow gait, but walked without any assistive ambulatory device and could perform heel and toe walking as well as tandem walking. *Id.* at 251, 254. Plaintiff's ability to hop was limited, and she was unable to perform squatting. *Id.* Dr. Patrick also noted that she had pain and crepitation in her right knee. *Id.* Her range of motion was normal. *Id.* at 259-60. Dr. Patrick assessed Plaintiff's work-related functions and opined that she would be limited to sitting for one to two hours at a time, standing for thirty minutes or less, walking one to two blocks, and lifting five pounds or less. *Id.* at 255. The ALJ summarized Dr. Patrick's findings in his written decision, but did not mention his assessment of Plaintiff's work-related functions.

Instead, the ALJ implicitly rejected Dr. Patrick's opinions and determined that Plaintiff had the RFC for the full range of medium work and could perform her past relevant work as an office clerk, a tax preparer, and a claims adjustor. *Id.* 15-18. Plaintiff argues that the ALJ improperly ignored Dr. Patrick's opinions and substituted his own lay opinions about the effects of Plaintiff's impairments on her functioning. She contends that the ALJ's failure to properly evaluate Dr. Patrick's opinions constitutes legal error requiring remand. The Commissioner concedes that the ALJ did not mention Dr. Patrick's findings regarding Plaintiff's work-related functions, but maintains that such failure amounts to harmless error.

In making his disability determination, the ALJ was required to evaluate Dr. Patrick's opinions. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, [the agency] will evaluate every medical opinion [it] receive[s]."). However, the ALJ was not required to accept Dr. Patrick's opinions as to Plaintiff's limitations. *See Taylor v. Apfel*, 228 F.3d 409 (Table), 2000 WL 1056273, at *1 (5th Cir. July 24, 2000) ("The ALJ may reject the opinion of any physician, including the treating doctors, if the evidence supports a contrary conclusion or is not adequately supported by the record as a whole."). Nor was the ALJ required to explicitly set forth his reasons for rejecting Dr. Patrick's opinions. *See Taylor v. Astrue*, 245 F. App'x 387, 391 (5th Cir. 2007) (per curiam) (holding that detailed analysis under six-factor test not required absent "longitudinal pattern of care"); *Ranes v. Astrue*, No. 3:08-CV-2030-D, 2009 WL 2486037, at *11 (N.D. Tex. Aug. 14, 2009) (ALJ not required to give detailed reasons for discounting the opinions of nontreating consultative medical consultants). Here, the ALJ's written decision reflects that he identified and considered Dr. Patrick's report from Plaintiff's August 3, 2011 examination. Tr. at 14, 16. Plaintiff is not entitled to remand based on the ALJ's failure to evaluate Dr. Patrick's opinions.

Further, substantial evidence supports the ALJ's ultimate determination that Plaintiff is not disabled because she is capable of performing her past relevant work as a tax preparer, claims adjuster, and cashier. *Id.* at 17. At the hearing, the vocational expert testified that Plaintiff's past relevant work fell into the light and sedentary exertional categories. *Id.* at 44-45. Two state agency physicians reviewed Plaintiff's medical records and determined that she was capable of light work. Tr. at 264-71, 272. These expert medical opinions constitute substantial evidence to support the finding that Plaintiff can perform a wide range of light and sedentary work. 20 C.F.R. § 404.1567(a) (ability to do light work includes ability to do sedentary); *see also Brown v. Astrue*, No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (function-by-function residual RFC assessment prepared by state agency medical consultant constitutes substantial evidence); *Zeno v. Barnhart*, No. 1:03-CV-649, 2005 WL 588223, at *9 (E.D. Tex. Feb. 4, 2005) (same). There is no evidence that any of Plaintiff's treating physicians restricted Plaintiff from performing light or sedentary work-related activities, and Plaintiff's own reports of her activities of daily living are not inconsistent with light or sedentary work. *See* Tr. at 39, 155. Given the record in this case, there is no realistic possibility that ALJ would have reached a different result. Accordingly, remand is not required.

## CONCLUSION

The final decision of the Commissioner is AFFIRMED in all respects.

SO ORDERED, September 16, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE